UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MICHAEL FINK AND KAREN PARDINI,

        Plaintiffs,

-against-                                    20 civ. 3002 (CM)

MOHONK PRESERVE INC. ET AL,

        Defendants.

---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2020

ORDER DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES

McMahon, C.J.:

        After the filing of this undoubtedly frivolous action, Defendants served Plaintiffs with a notice under Fed. R. Civ. P. 11, demanding withdrawal of the complaint and indicating that they intended to serve a motion to dismiss if the lawsuit were not withdrawn within 21 days pursuant to Rule 11. The notice was accompanied by papers in support of a motion to dismiss the complaint, which counsel had (inexplicably) prepared before demanding that the pleading be withdrawn.

        The pleading was withdrawn and the complaint was voluntarily dismissed with prejudice as against all defendants. Defense counsel thereafter moved for an award of attorneys' fees, for the work done to prepare the motion to dismiss that was never filed, and that never needed to be filed, as well as for reviewing the complaint and preparing the Rule 11 notice.

        The court referred to the motion to The Hon. Stewart Aaron, U.S.M.J. Magistrate Judge Aaron filed a detailed report recommending that the motion be denied, principally because Defendants were not a "prevailing party" within the meaning of 42 U.S.C. §1988. I accept Judge Aaron's recommendation and adopt his Report as my opinion.

        However, I write this short addendum to explain to counsel how Rule 11 works.

        Rule 11(b) permits an attorney who receives a pleading believed to be frivolous or without merit to serve a demand on opposing counsel seeking the immediate withdrawal of the offending pleading. The notice is to be accompanied by a draft motion for sanctions (not a motion to dismiss, because the motion for sanctions must be "made separately from any other motion," see Rule 11(b)(2). Said motion for sanctions is not to be presented to the court until after the passage of 21 days, at which point, if the pleading is not withdrawn within 21 days, the court may be asked to grant the previously unfiled motion for sanctions. Rule 11(b) provides that the court may also award attorneys fees to the "prevailing party" on *the motion* (the motion for sanctions, that is). It

does not provide for any sanction, including an award of attorneys' fees, to counsel who draft a motion for sanctions, but whose efforts result in the withdrawal of the offending pleading. The idea behind Rule 11 is to prevent a party from incurring unnecessary attorneys' fees, by giving the party who files a frivolous or unfounded document an opportunity to withdraw it.

In this case, counsel purport to have proceeded under Rule 11. However, instead of attaching a motion for sanctions to their Rule 11 notice, they attached a motion to dismiss the complaint. I assume they did this because they well knew (since of course they had read Rule 11) that there would be no possibility of obtaining attorneys' fees under that Rule if the attached a motion for sanctions to their notice and were successful in persuading Plaintiffs to discontinue their lawsuit – as, indeed, they were.

But there is no way around the limitations of Rule 11. The Rule by its terms is not to be accompanied by a motion to dismiss; the whole idea behind the Rule is to obviate the need to prepare and file a motion to dismiss. Defendants never actually made a motion to dismiss, so they cannot have "prevailed" on their motion to dismiss and so are not entitled to attorneys' fees under 42 U.S.C. §1988. And because they successfully induced Plaintiffs to withdraw their complaint, they are not entitled to attorneys' fees pursuant to Rule 11, which only authorizes a fee award if the offending pleading is not withdrawn and a separate motion for sanctions (separate from the motion to dismiss) is made.

The fact that Defendants' counsel wasted time (and either their or their clients' money) drafting what turned out to be an unnecessary motion to dismiss is their misfortune. Perhaps the next time counsel will read the rule carefully and follow its instructions to the letter, instead of crafting a hybrid solution that gets them nowhere.

The motion for a fee award is denied.

Dated: September 14, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL
BY EMAIL TO MAGISTRATE JUDGE AARON